### *In re* JOSLYN'S ESTATE.

ESTATES OF DECEDENTS—AFTER-ACQUIRED ASSETS—DISTRIBUTION.
   In November, 1882, an amendment to the Constitution, raising
   the salaries of circuit judges $1,000 per annum, was adopted.
   At that time the amendment was treated as taking effect on
   January 1st following. Subsequently it was decided that it
   went into effect on the date of its adoption, and an act was
   passed in 1891 authorizing the payment to such judges or
   their legal representatives of the amount due them from
   November 7th to January 1st. *Held*, on the death of a judge
   before such payment, that the amount was subject to collec-
   tion and distribution by the administrator, like any other
   chose in action, and did not belong to the heirs of the estate.

Error to Washtenaw; Kinne, J. Submitted June 9, 1898. Decided June 28, 1898.

Appeal of Frank Joslyn, administrator of the estate of Chauncey Joslyn, deceased, from an order of the probate court requiring him to pay over certain moneys to the intestate's widow, Sarah M. Joslyn. The order was affirmed in the circuit, and the administrator brings error. Affirmed.

*John P. Kirk*, for appellant.

*J. C. Knowlton*, for appellee.

HOOKER, J. The appellant's intestate, Hon. Chauncey Joslyn, was a circuit judge from November 7, 1882, or before, to the time of his death, in 1889. At the November election, in 1882, an amendment to the Constitution, rais-ing the salaries of circuit judges $1,000 per annum, was adopted. Article 20, § 2, of the Constitution, provides that " all the amendments shall take effect at the com-mencement of the year after their adoption." It was the uniform practice to treat the 1st of January succeeding the

adoption of amendments as the time of their taking effect, and this course was followed by the State officers in the payment of the increased salaries to judges.

In 1876 an amendment was adopted permitting the submission of amendments to the electors at the local elections held upon the occasion of the annual township meeting, and a question subsequently arose as to when amendments became operative. This was settled in the case of *Seneca Mining Co.* v. *Secretary of State*, 82 Mich. 573 (9 L. R. A. 770), where it was held that amendments take effect from the time of their ratification, where adopted after the adoption of the amendment of 1876. It followed that the application of this rule to the amendment in relation to salaries of circuit judges entitled them to increased salaries from November 7, 1882; but no such payment was made until 1891, when an act was passed authorizing the payment of $147.20 to each of the persons who were circuit judges from November 7, 1882, to January 1, 1883, or their legal representatives. Act No. 105, Pub. Acts 1891. Judge Joslyn being dead, the appellant was appointed administrator, and received the sum mentioned from the State. An order was made by the probate court allowing the sum of $124 to the widow, from which an appeal was taken to the circuit court, where the order was affirmed.

The question before us is whether this fund was subject to such disposition, it being contended that it belongs to the heirs of the estate, to whom it was granted by the legislation mentioned, and that it is not properly a portion of the assets of Judge Joslyn's estate. We think this position untenable. This money was earned by Judge Joslyn, and under the amendment, as construed in the case cited, was a valid claim against the State, subject to collection and distribution by his administrator, like any other chose in action.

It follows that the orders of the circuit and probate courts should be affirmed, with costs. It will be so certified.

The other Justices concurred.